FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JENAYA B.,

          Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

          Defendant.

No. 1:25-CV-03028-JAG

**ORDER REMANDING FOR FURTHER PROCEEDINGS**

    **BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in response, and Plaintiff's Reply Brief.  ECF Nos. 13, 17, 18.  Attorney Amy Gilbrough represents Jenaya B. (Plaintiff); Special Assistant United States Attorney Melissa Delguercio represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline.  ECF No. 2.  After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and the case is **REMANDED FOR FURTHER PROCEEDINGS**.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit.  *See* 42 U.S.C. § 405(g).

ORDER OVERRULING ALJ'S DECISION - 1

## I.    JURISDICTION

Plaintiff filed an application for Supplemental Security Income on August 2, 2016, alleging disability since December 1, 2012.  Tr. 15.  Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ).  Tr. 15.  A hearing was held on September 13, 2019, at which vocational expert Robert Simmons and Plaintiff, who was represented by counsel, testified.  Tr. 44-56.  A second hearing was held on January 16, 2020, at which medical experts James M Haynes, MD and Faren Ray Atkins, Phd. testified.  Tr. 57-84.  ALJ Howard Prinsloo presided over both hearings.  Tr. 44-56, 57-84.  The ALJ denied benefits on March 11, 2020. Tr. 11-37.  The Appeals Council denied review.  Tr. 2111.  Defendant sought review with the district court.  *Beavert v. Kijakazi*, No. 1:20-CV-03180-JTR.  On appeal to the district court, the Court granted a stipulated motion for remand. Tr. 2121-2122.  The Appeals Council issued an order on October 25, 2021, providing instructions to the ALJ on remand.  Tr. 2125-2128.

Another hearing was held on April 27, 2023, at which vocational expert Franklin Corbin and Plaintiff, who was represented by counsel, testified.  Tr. 2481-2504.  A subsequent hearing was also held on April 25, 2024, at which Dr. Tonia Porchia testified briefly.  Tr. 2071-2078.  Upon realization that the medical records in the file were not complete, the hearing was continued.  Tr. 2076-2078.  A final hearing was held on September 26, 2024, at which Dr. David Peterson testified and Plaintiff amended her application to reflect a closed period ending on December 20, 2020.  Tr. 2036-2069.  ALJ Howard Prinsloo presided over all hearings.  The ALJ denied benefits on October 25, 2024.  Tr. 1967-1994.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on February 21, 2025.  ECF No. 1.

ORDER OVERRULING ALJ'S DECISION - 2

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born in 2000 and was 16 on the alleged onset date.  ECF No. 13 at 2.  Plaintiff turned 18 during the closed period covered by her application.  *Id.*  Therefore, the ALJ considered Plaintiff's claim under both the child and adult standards.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER OVERRULING ALJ'S DECISION - 3

## IV.    SEQUENTIAL EVALUATION PROCESS

### A.    <u>**Childhood Disability.**</u>

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).  The Commissioner follows a three-step sequential process in determining childhood disability:  (1) whether the child is engaged in substantial gainful activity; (2) if not, whether the child has a medically determinable severe impairment; (3) and, if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.924.

If the Commissioner determines at step three that the claimant has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the analysis ends there.  If not, the Commissioner decides whether the child's impairment results in limitations that functionally equal a listing.  20 C.F.R. § 416.926a(a).  In determining whether an impairment or combination of impairments functionally equal a listing, the Commissioner assesses the claimant's functioning in terms of six domains:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your

ORDER OVERRULING ALJ'S DECISION - 4

impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments":

(i) What activities are you able to perform?

(ii) What activities are you not able to perform?

(iii) Which of your activities are limited or restricted compared to other children your age who do not have impairments?

(iv) Where do you have difficulty with your activities – at home, in childcare, at school, or in the community?

(v) Do you have difficulty independently initiating, sustaining, or completing activities?

(vi) What kind of help do you need to do your activities, how much help do you need, and how often do you need it?

20 C.F.R. § 416.926a(b)(2)(i)-(vi).

The evaluation of functional equivalence begins "by considering the child's functioning without considering the domains or individual impairments."  Title XVI:  Determining Childhood Disability Under the Functional Equivalence Rule – The "Whole Child" Approach, SSR 08-1p, 2009 WL 396031  (Feb. 17, 2009).  The rules provide that "[w]hen we evaluate your functioning and decide which domains may be affected by your impairment(s), we will look first at your activities and limitations and restrictions."  *Id*. citing 20 C.F.R. § 416.926a(c).  The rules instruct the Commissioner to:

Look at information we have in your case record about how your functioning is affected during all your activities when we decide whether your impairment or combination of impairments functionally equals the listings.  Your activities are everything you do at home, at school, and in your community.

*Id*. citing 20 C.F.R. § 416.926a(b).  The severity of limitation in each affected functional domain is then considered.  This technique is called the "Whole Child" approach.

ORDER OVERRULING ALJ'S DECISION - 5

**B.    Adult Disability.**

With respect to adults, the Commissioner established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On October 25, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 1967-1994.

With respect to the childhood standard of disability, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date, August 2, 2016.  Tr. 1975.  At step two, the ALJ determined Plaintiff suffered from the following severe impairments: pseudo-seizures, somatic symptom disorder, and adjustment disorder (with anxious and depressive features).  Tr. 1975.  The ALJ found at step three that the evidence of record demonstrated Plaintiff's impairments, although severe, did not meet, medically equal, or functionally equal the criteria of any of the listed impairments.  Tr. 1976.  As to the six domains (functional equivalence), the ALJ concluded Plaintiff had less than a

ORDER OVERRULING ALJ'S DECISION - 6

marked limitation in acquiring and using information, less than a marked limitation in attending and completing tasks, less than a marked limitation interacting and relating with others, no limitation in moving about and manipulating objects, a less than marked limitation in caring for herself, and a marked limitation in health and physical well-being. Tr. 1987. The ALJ thus determined Plaintiff's impairments resulted in only one marked limitation and no extreme limitations. Tr. 1987. Because Plaintiff did not have an impairment or combination of impairments that met or medically or functionally equaled the listings, it was determined that Plaintiff was not disabled prior to attaining age 18. Tr. 1987.

Plaintiff attained age 18 on May 7, 2018. Tr. 1975. With respect to the adult standard of disability, the ALJ determined Plaintiff did not develop any new impairment or impairments since attaining age 18; she continued to have a severe impairment or combination of impairments but her impairments did not meet or medically equal the severity of one of the listed impairments; she had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: avoid concentrated exposure to hazards such as use of hazardous machinery or exposure to unprotected heights, and can engage in simple, routine tasks, with no contact with the public; she had no past relevant work; and, based on the testimony of the vocational experts and considering Plaintiff age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the jobs of routing clerk, collator, hand packager, blender, and garment sorter. Tr. 1987-1993.

Accordingly, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the August 2, 2016 disability application date, through the closed period, ending December 20, 2020. Tr. 1993.

ORDER OVERRULING ALJ'S DECISION - 7

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by (1) rejecting Dr. Faren Atkins' opinion based on an absence of psychological treatment; (2) rejecting Dr. Atkins' opinion based on medical non-compliance; and (3) rejecting Dr. Atkins' opinion based on generally unremarkable examinations.

## VII.    DISCUSSION

The issues raised by Plaintiff are entirely focused on the ALJ's rejection of Dr. Atkins' opinion and are not specific to either the childhood disability or adult disability determination but rather apply to both determinations in the same manner.  For that reason, the Court will not separately address the child and adult determinations.

## A.    Medical Opinions.

Prior to March 27, 2017, the courts distinguished among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (non-examining physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  A treating physician's opinion carried more weight than an examining physician's opinion, and an examining physician's opinion was given more weight than that of a non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.  In weighing the medical opinion evidence of record, the ALJ made findings setting forth specific, legitimate reasons for doing so that were based on substantial evidence in the record.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ was additionally required to set forth the reasoning behind the

ORDER OVERRULING ALJ'S DECISION - 8

ALJ's decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

**B.    Dr. Faren Ray Atkins.**

Dr. Faren Ray Atkins was one of two Medical Experts that testified at the hearing on January 16, 2020. Tr. 71-82. Dr. Atkins noted that his analysis is the same under both the child and adult listings. Dr. Atkins agreed the seizures were of psychiatric nature. Tr. 74. He opined Plaintiff's seizures met the childhood listing with marked to extreme limitations in adapting or managing oneself and marked limitations in concentrating, persisting, or maintaining pace. Tr. 74-75. Dr. Atkins testified that the criteria in the childhood and adult listings are the same, so Plaintiff would have met the listing as an adult as well. Tr. 79-80. The ALJ again gave Dr. Atkins' opinion little weight due to absence of psychological treatment, generally unremarkable examinations, and medical noncompliance. Tr. 1978.

The Court first notes the ALJ failed to follow the Order of Appeals Council Remanding Case to Administrative Law Judge (the "Remand Order"), in which the Appeals Council found with respect to the ALJ's first decision from March 11, 2020, "substantial evidence does not support the evaluation of Dr. Atkins'

ORDER OVERRULING ALJ'S DECISION - 9

opinion." Tr. 2125.  With regard to the analysis of Dr. Atkins' opinions and findings, the ALJ's most recent opinion dated October 25, 2024—the opinion at issue here—is strikingly similar to the ALJ's first decision.  In other words, the ALJ's analysis in the most recent opinion to discount Dr. Atkins' opinion differs little from the ALJ's analysis in the 2020 opinion that has already been rejected by the Appeals Council.

In the Remand Order, the Appeals Council addressed the ALJ's rejection of Dr. Atkins' opinion on the basis Plaintiff did not pursue treatment and normal mental status observations; and found the ALJ failed to develop the record. Tr. 2125-2128.  The Remand Order noted that it was not until October 2019 that Plaintiff and her family became aware that her seizures may not be physical in nature, providing rationale for seeking other treatment.  Tr. 2126.  The Remand Order also noted there was a possibility of cost preclusion that was not further explored.  Tr. 2126.  The Appeals Council found "the ALJ did not make the findings necessary to reject the claimant's disability claim on the basis that she did not pursue treatment.  In addition, as discussed above, this reasoning would be a problematic basis to reject Dr. Atkins' opinion." Tr. 2127.  In reviewing the ALJ's rejection of Dr. Atkins' testimony based on the mental status exams, the Appeals Council found it was necessary to further develop the record regarding mental status functioning, noting "the current record contains material inconsistences which need to be resolved."  Tr. 2127.

C.    **Absence of Psychological Treatment**:

Plaintiff first argues the ALJ erred in rejecting Dr. Atkins' opinion based on the absence of psychological treatment.  Plaintiff argues that this was an improper basis for discounting Dr. Atkins' opinion because Plaintiff and her parents were not aware of the necessity for psychological treatment until October 2019.

ORDER OVERRULING ALJ'S DECISION - 10

Plaintiff further argues that she did seek psychological treatment after that point, but the ALJ further erred when he refused to admit those records into the file.

At the September 2024 hearing, Plaintiff's counsel raised his concern that there were records missing from the consolidated file.  Tr. 2055-2061.  The ALJ stated it was "unfortunate" and he would take counsel's concerns "under advisement."  Tr. 2059, 2061.  In his decision, the ALJ stated "[t]he undersigned notes that, given the requested closed period ending December 20, 2020, medical records prepared after that date are not relevant to the determination of whether one can establish disability in this case prior to December 20, 2020."  Tr. 1976.

Plaintiff contends the missing records show she sought psychological treatment once she knew it was necessary and the ALJ failed to add those records to the file.  ECF No. 13 at 10.  The ALJ's statement alone that medical records after the closed period are not relevant is not a sufficient reason for refusing to consider those records.  First, Plaintiff's argument indicates that the records are not entirely outside of the closed period (August 2, 2016-December 20, 2020).  At the September 2024 hearing, Plaintiff's counsel identified records re-electing treatment at Behavioral Health that were not added to the file and raised concerns that other records may not have been added to the file.  Tr. 2054-2061.  Based on the hearing transcript, it appears those records may include treatment from 2020, which would almost certainly be within the closed period that ends December 20, 2020.

Even considering that some of the records are outside of the closed period, that is not a sufficient reason to discount the records, much less a reason to refuse to admit them entirely.  The Ninth Circuit "has specifically held that medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Lester v. Chater,* 81 F.3d 821, 832 (9th Cir. 1996).

ORDER OVERRULING ALJ'S DECISION - 11

The ALJ erred in finding the records are not relevant. Further, the ALJ had a duty to fully develop the record. "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfiel*, 530 U.S. 103, 110-11 (2000)). The ALJ failed to meet his obligation to develop the record by ignoring the medical records.

Next, in relying on a failure to seek psychological care as a basis to discount Dr. Atkins' testimony, the ALJ again ignored the Remand Order. The Remand Order specifically noted "it is only at this point (October 2019) that the claimant's parents first became aware of the possibility that the seizures might not be physical in nature and that there might be a rationale for seeking other treatment." Tr. 2126. As in the 2020 decision, the ALJ again focused on treatment notes prior to October 2019 to establish a failure to seek psychological care. Tr. 1977, 1985-1986. Much of this portion of the decision was the same language/analysis from the 2020 decision. *Compare* Tr. 1986-1987 *with* Tr. 30-31. This is insufficient, particularly given the refusal of the ALJ to admit the additional treatment notes that may have provided evidence of psychological care.

Further, the Remand Order specifically stated "the Administrative Law Judge will consolidate the claims files, associate the evidence, and issue a new decision on the consolidated claims." Tr. 2128. At the September 2024 hearing, in addition to requesting the new records be added to the file, Plaintiff's attorney raised the concern that the two claims files were not properly consolidated. There was discussion between the ALJ and Plaintiff's attorney regarding the exhibits and significant confusion about what records were referred to throughout the hearing since the exhibit numbers did not align. The ALJ failed to follow the Remand Order by not fully consolidating the cases and associating the evidence. Regardless of this requirement in the Remand Order, the ALJ erred in failing to

ORDER OVERRULING ALJ'S DECISION - 12

fully develop the record and by not ensuring the claims files were properly consolidated and all evidence associated.

Finally, the ALJ failed to consider why Plaintiff did not seek psychological treatment sooner. Again, the Remand Order addressed this point. "The record further suggests the possibility of cost preclusion (see hearing recording at 9:39:15), though this was not further explored." Tr. 2126. At the January 2020 hearing, Plaintiff's counsel raised the possibility of cost preclusion ("the mother indicated that the child was in mental health counseling for a very brief period because they have private health insurance and did not have the money to continue with it" Tr. 76; "she is on private insurance from her parents…has tried to apply for Washington Apple or the Medicaid here in Washington twice and declined twice because her parents income is too high. And so one of the difficulties of getting care for mental health has been a lack of insurance, and or lack of funds to go to mental health treatment." Tr. 82-83.

The Ninth Circuit has previously addressed this issue, "[d]isability benefits may not be denied because of the claimant's failure to obtain treatment for lack of funds." *Gamble v. Chater,* 68 F.3d 319, 321 (9th Cir. 1995). The ALJ failed to explore whether this is a reason Plaintiff did not seek mental health treatment. Plaintiff raised this point in Plaintiff's Opening Brief (ECF No. 13 at 9) and in response, Defendant frames the issue as Plaintiff's disagreement "with the ALJ's reasonable interpretation of the evidence." ECF No. 17 at 8. The ALJ did not address barriers to Plaintiff seeking treatment in his decision, despite the Remand Order pointing to this deficiency (see Tr. 2127) and Plaintiff's counsel raising the issue at the January 2020 hearing. A failure to address the point entirely is not a reasonable interpretation of the evidence. On this point, the ALJ failed to fully develop the record.

ORDER OVERRULING ALJ'S DECISION - 13

The ALJ's rejection of Dr. Atkins' testimony on the basis that Plaintiff failed to pursue mental health treatment is insufficient and the ALJ did not fully develop the record with respect to Plaintiff's mental health treatment. On remand, the ALJ shall obtain and consider additional evidence concerning Plaintiff's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence. If the ALJ continues to rely on an absence of mental health treatment, the ALJ is further ordered to consider any barriers to treatment that may have prevented Plaintiff from obtaining mental health treatment earlier, including, but not limited to, cost preclusion.

## D.    **Medical Non-Compliance.**

The second reason the ALJ offered for giving little weight to Dr. Atkins' opinion is Plaintiff's medical non-compliance in failing to take her seizure medication. The ALJ found "[t]he record also reflects a history of intentional noncompliance with prescribed medication." Tr. 1985. This reasoning is not supported by the record as there is nothing in the record indicating that if Plaintiff were compliant with prescribed seizure medication her symptoms would have improved. Rather, the medical evidence in the record points to Plaintiff's seizures being non-epileptic and non-responsive to epilepsy medication. Plaintiff argues "[g]iven that Ms. Beavert was not having epileptic seizures, compliance with seizure medication would have had no effect on Plaintiff's seizures because they are psychogenic, not epileptic." ECF No. 13 at 13.

It is permissible for the ALJ to consider noncompliance with medication, but that is limited to impairments that are responsive to medication. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *See, e.g., Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir.2004); *Lovelace v. Bowen,* 813 F.2d 55, 59 (5th Cir.1987); *see*

ORDER OVERRULING ALJ'S DECISION - 14

*also Odle v. Heckler,* 707 F.2d 439, 440 (9th Cir.1983) (affirming a denial of benefits and noting that the claimant's impairments were responsive to medication). *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  Here, there is no evidence that the medication prescribed for epilepsy had any impact on Plaintiff's seizures, so it was improper for the ALJ to discount Dr. Atkins' opinion on the basis that Plaintiff was non-compliant with medication (*see Taylor v. Berryhill*, 720 F. App'x 906, 907 (9th Cir. 2018) (finding ALJ erred in discrediting claimant's testimony due to noncompliance with medication when the record does not support a determination that medication noncompliance affected claimant's symptoms).  *See also Trevizo v. Berryhill,* 871 F.3d 664, 681 (9th Cir. 2017).

**E.     Generally Unremarkable Examinations.**

The ALJ's final reason for giving Dr. Atkins' testimony little weight was Plaintiff's "generally unremarkable examinations."  Tr. 1978.  In reaching this conclusion, the ALJ cited several examination notes indicating Plaintiff had normal affect and "d[id] not document debilitating, ongoing psychological signs or significant mental deficits."  Tr. 1977.  Plaintiff argues these findings are irrelevant because Dr. Atkins' opinion was not based on mental status findings but was based on the interruptions caused by seizures.  ECF No. 13 at 14.  Defendant argues the ALJ properly discounted Dr. Atkins' opinion based on objective mental status findings. ECF No. 17 at 12.  In her reply, Plaintiff contends "it belie[s] common sense to find Dr. Atkins' opinion inconsistent with the objective mental status findings when his opined limitations were based on Plaintiff's interruptions from her seizure disorder."  ECF No. 18 at 9.

In the Remand Order, the Appeals Council recognized "mental status observations made by medical sources treating the claimant…do not document debilitating, ongoing psychological signs or significant mental deficits…Nonetheless, the record also indicates the claimant experienced

ORDER OVERRULING ALJ'S DECISION - 15

seizures." Tr. 2126-2127.  The Appeals Council pointed out the material inconsistencies in the record required further consideration and evaluation.

Accordingly, the issue here is whether or not the generally unremarkable examinations are relevant to the alleged disability.  Seizures are episodic in nature, so it is necessary for the record to be further developed with respect to whether the generally unremarkable examination findings that occurred outside of a seizure episode are relevant to a claimant's impairments during and after a seizure.  In order to resolve the issue, it is necessary for the record to be further developed.  On remand, the ALJ shall obtain evidence from a medical expert, preferably a psychologist or a psychiatrist, regarding the relevance of the generally unremarkable exams on the limitations Plaintiff would experience during and after a seizure and how this would have impacted the nature and severity of and functional limitations resulting from Plaintiff's impairments.

The ALJ is further ordered to reconsider Dr. Atkins' testimony in light of the record as a whole, considering the consistency of Dr. Atkins' testimony with other medical opinions and taking into consideration the factors required by the regulations.

### VIII.   CONCLUSION

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social

ORDER OVERRULING ALJ'S DECISION - 16

Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

Plaintiff urges remand for a new hearing to reconsider the opinion of Dr. Atkins and fully develop the record, ECF Nos. 13, 18. In this case, the Court finds that further development is necessary for a proper determination to be made and that it is appropriate that the reconsideration of Plaintiff's claim be performed by a different ALJ on remand. *See Reed v. Massanari*, 270 F.3d 838, 845 (9th Cir. 2001) (remanding to different ALJ for fair consideration of evidence despite no indication of ALJ bias); *Ortiz v. Chater*, 1997 WL 50217 at *3 n.1 (E.D. N.Y. 1997) (finding that "rather than have the same ALJ review the claims a third time, a fresh look by another ALJ would be beneficial."). Accordingly, the case is remanded for additional proceedings consistent with this Order.

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error.

Accordingly, **IT IS ORDERED**:

1.    Plaintiff's Motion, ECF No. 13) is **GRANTED**.

2.    Defendant's Motion, ECF No. 17) is **DENIED**.

ORDER OVERRULING ALJ'S DECISION - 17

3.    The Commissioner's decision is **REVERSED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion.

Judgment shall be entered for PLAINTIFF and the file shall be **CLOSED**. The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for PLAINTIFF and the file shall be **CLOSED**.

DATED March 31, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER OVERRULING ALJ'S DECISION - 18